UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MAINE

| | |
|---|---|
| PRESCOTT McCURDY,      )  | |
|     Petitioner         )  | **PETITION FOR WRIT OF** |
|                      )  | **HABEAS CORPUS** |
|                      )  | **PURSUANT TO** |
| v.                     )  | **28 U.S.C. § 2254** |
|                      )  | |
| STATE OF MAINE,        )  | Docket No. 2:19-cv-00511-LEW |
|     Respondent         )  | |

**RESPONDENT'S MOTION TO DISMISS/ANSWER
PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2254**

By this Court's "ORDER TO ANSWER" dated November 7, 2019, the Attorney General for the State of Maine has been ordered to respond to Petitioner Prescott McCurdy's petition no later than January 6, 2020. The Attorney General, by and through Donald W. Macomber, Assistant Attorney General, responds to the petition with this motion to dismiss/answer as follows:

### I.    PROCEDURAL BACKGROUND

1.    On January 6, 2017, a criminal complaint was filed in the Unified Criminal Docket, Sagadahoc County, charging the petitioner, Prescott McCurdy ("McCurdy") with six counts of violating a protection from abuse order and one count of domestic violence stalking. *State of Maine v. Prescott McCurdy,* Unified Crim. Docket, Sag. Cty., Docket No. SAGCD-CR-2017-00013. *See docket record, complaint.* On February 7, 2017, McCurdy entered not guilty pleas to all charges at his arraignment. *See docket record.*

2.	On May 4, 2017, McCurdy's jury was selected, and the trial was held on May 11, 2017. *See docket record, jury trial transcript*. The State dismissed one of the violation of protection from abuse order counts, and the trial court dismissed another of those counts. The jury was hung on two additional of those counts, as well as the DV stalking count. *See docket record, jury trial transcript*. The jury returned guilty verdicts on two of the violation of protection from abuse order counts. *See docket record, trial transcript.*

3.	On June 27, 2017, the State dismissed the three counts that the jury had hung on. *See docket record*. That same date, the Superior Court (*Billings, J.*) imposed concurrent sentences as follows: a 120-day term of imprisonment in the custody of the Sagadahoc County Sheriff, with all but 7-days suspended, to be followed by a 1-year period of administrative release with special conditions. *See docket record, judgment & commitment order.* Execution of the sentence was stayed pending appeal. *See docket record*

4.	On May 25, 2017, McCurdy filed a notice of direct appeal pursuant to M.R. App. P. 2(a)(1) and 15 M.R.S. § 2115. *See docket record; direct appeal docket sheet.* On February 22, 2018, the Maine Law Court affirmed the judgment of conviction in a memorandum of decision. *State of Maine v. Prescott McCurdy,* SAG-17-229; *direct appeal docket sheet, memorandum of decision.* The trial court continued the stay of execution of the sentence because McCurdy filed a state petition for post-conviction review shortly after the Law Court's decision. *See docket record*

5.   McCurdy did not file a petition for a writ of certiorari with the United States Supreme Court. Accordingly, McCurdy's judgment of conviction became final on May 24, 2018.

6.   On March 2, 2018, McCurdy filed a state petition for post-conviction review, pursuant to 15 M.R.S. § 2129 and M.R.U. Crim. P. 68. *Prescott McCurdy v. State of Maine,* Unified Crim. Docket, Sag. Cty., SAGCD-CR-2018-00187; *PCR docket record, petition.* No amended petition was filed, and no evidentiary hearing was held on the petition. *PCR docket record.* On July 27, 2018 and August 30, 2018, the parties submitted memoranda. *PCR docket record, memoranda.* On February 22, 2019, the Superior Court (*Billings, J.*) denied the petition. *PCR docket record, decision.* The court ordered McCurdy to turn himself into the jail to serve the 7-day unsuspended portion of his sentence by March 18, 2019. *PCR docket record.* On March 15, 2019, the trial court extended the stay of execution until March 29, 2018.[1] *See docket record.*

7.   McCurdy did not file a notice of discretionary appeal to the Maine Law Court, pursuant to 15 M.R.S. § 2131. *PCR docket record.*

8.   On October 28, 2019, McCurdy signed the current Section 2254 petition and filed it with this Court on November 4, 2019.

---

[1] Petitioner McCurdy's 120-day term of imprisonment has been fully served but he remains on administrative release.

## II.     RESPONSE TO PETITIONER'S ALLEGATIONS

In his section 2254 petition, Petitioner McCurdy has alleged three grounds:

1. the protection from abuse statute violates his First Amendment rights;

2. his due process right to a fair trial was violated; and

3. the trial court did not have jurisdiction over him.

Petitioner McCurdy did include his first two grounds in his direct appeal brief, and all three of these grounds in his petition for post-conviction review. McCurdy, however, did not file a discretionary appeal from the denial of his petition. As such, McCurdy's third ground alleged here is procedurally defaulted and should be dismissed by the Court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Reese v. Liberty,* 2018 WL 442998 *5 n. 6 (D. Me. 2018).

As for the merits of the first two grounds, the law set forth in *Chaplinsky v. New Hampshire,* 315 U.S. 568 (1942)(First Amendment does not protect speech that threatens or harms others) and *Frank v. Mangum*, 237 U.S. 309 (1915)(Fourteenth Amendment due process right to a fair trial) constitutes "clearly established federal law" within the meaning of 28 U.S.C. § 2254(d)(1). The attached state court record – especially the trial transcript and the State's Law Court brief -- establishes that the Maine Law Court's decision rejecting the claims, were not contrary to, nor unreasonable applications of *Chaplinsky* or *Frank.*

4

### III.     ATTACHMENTS

The Respondent presents to this Court as attachments the following materials:

A. *State of Maine v. Prescott McCurdy,*
Unified Crim. Docket., Sag. Cty.,
Docket No. CR-17-13
[underlying criminal case]:

1. docket record;
2. complaint;
3. trial transcript;
4. judgment and commitment order.

B. *State of Maine v. Prescott McCurdy,*
Maine Law Court,
Docket No. SAG-17-229
[direct appeal]:

1. docket sheet;
2. briefs;
3. memorandum of decision.

C. *Prescott McCurdy v. State of Maine,*
Unified Crim. Docket., Sag. Cty.,
Docket No. CR-18-187
[state post-conviction review]:

1. docket record;
2. petition;
3. memoranda;
4. decision.

## IV. CONCLUSION

WHEREFORE, Respondent respectfully requests this Court to dismiss, or alternatively to deny, the "Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person In State Custody" relative to Prescott McCurdy, and deny the writ.

Respectfully submitted,

Dated: November 27, 2019         /s/ Donald W. Macomber
                                DONALD W. MACOMBER
                                Assistant Attorney General
                                Criminal Division
                                6 State House Station
                                Augusta, ME 04333-0006
                                (207) 626-8800

## V. CERTIFICATE OF SERVICE

I, Donald W. Macomber, Assistant Attorney General, hereby certify that I have this date caused a copy of the foregoing "RESPONDENT'S MOTION TO DISMISS..", with attachments, to be served upon Petitioner McCurdy at the address he provided to the Court when filing the petition.

Dated: November 27, 2019         /s/ Donald W. Macomber
                                DONALD W. MACOMBER
                                Assistant Attorney General
                                Criminal Division