UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| PRESCOTT MCCURDY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:19-cv-00511-LEW |
| | ) | |
| | ) | |
| STATE OF MAINE, | ) | |
| | ) | |
| Respondent | ) | |

**ORDER TO SUBMIT DOCUMENTS**

Petitioner, pursuant to 28 U.S.C. § 2254, seeks relief from a state court conviction and sentence. (Petition, ECF No. 1.) Petitioner claims his trial lacked due process and argues the statutes underlying his criminal convictions for violating a protection from abuse order unconstitutionally restrict speech. (Petition at 6–9.) The State asks the Court to dismiss the petition. (Answer, ECF No. 4.)

The State filed in paper form a copy of the record from the state court proceedings. (ECF No. 5.) The submitted documents include the docket records, transcripts, and briefs from the trial court proceedings, the direct appeal, and the postconviction proceedings. (*Id.*) The submitted record, however, did not include exhibits entered into evidence at trial.

To evaluate Petitioner's claim and the State's request for dismissal, the Court requires the exhibits regarding the communications on which the criminal charges were based. Because the documents were part of the state court record under review, the Court may require the State to submit copies of the exhibits. *See Townsend v. Sain*, 372 U.S.

293, 319 (1963) (overruled on other grounds by *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 5 (1992) ("A District Court sitting in habeas corpus clearly has the power to compel production of the complete state-court record").

Accordingly, the Court orders the State to submit within thirty days all exhibits that were part of the record and which correspond to the orders and communications that served as the basis for the criminal charges against Petitioner.

## **NOTICE**

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 25th day of February, 2020.